IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-543-L-2 |
| | § | |
| CRYSTAL SHARONDA GREEN, | § | |
| #56551-177, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons and the COVID-19 virus pandemic (Doc. 83), filed July 8, 2020. Also before the court are Defendant's medical records (Doc. 84), which counsel states were obtained by United States Probation before sentencing. As detailed herein, Defendant's motion is **denied**.

### I.

In 2018, Defendant pled guilty to using a facility of interstate commerce in aid of a racketeering enterprise and was sentenced to 60 months of imprisonment and a three-year term of supervised release. Doc. 63. Defendant states that she suffers from preexisting, chronic medical conditions—cardiomyopathy, congestive heart failure, hypertension, and obesity, with a body mass index of 30.6—all of which she contends render her more susceptible to the COVID-19 virus.

According to the Bureau of Prison's ("BOP's") website, Defendant is 21 years old, has a projected release date of February 24, 2023, and is presently confined at the Tallahassee FCI in Florida. As of July 14, 2020, the BOP's website reported no COVID-19 positive cases among

Tallahassee FCI's inmates and three among staff members.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that on May 26, 2020, she submitted an administrative request to the warden and that she has yet to receive a response.  Even assuming she exhausted her administrative, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of her sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons."  Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on July 14, 2020).

*United States v. Muniz*, ___ F. Supp. 3d ___, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions—cardiomyopathy, congestive heart failure, hypertension, and obesity, with a body mass index of 30.6—or discount that being confined in a prison makes it more difficult for her or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. She fails to establish that her conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish her ability to provide self-care. Although her counsel ostensibly was unable to obtain Defendant's prison medical records, Defendant still fails to explain her unique circumstances and symptoms, her BOP "care level," and the treatment that she receives daily within the BOP for her various chronic conditions. *Cf. Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the court to assess his current ability to provide self-care").

General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering her very young age (21) and that no inmates are presently positive for COVID-19 at Tallahassee FCI. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Moreover, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for using a facility of interstate commerce in aid of a racketeering enterprise, which involved compelling prostitution. She pled guilty to the second superseding information (Doc. 34) in exchange for the dismissal of the two-count superseding indictment (Doc. 15). At sentencing, the advisory guidelines term of imprisonment was 60 months, the statutory maximum term of imprisonment, and the court declined Defendant's motion for a downward variance.

Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

### III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 15th day of July, 2020.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge